## Case No. 5,675.

### GRAHAM v. SHEKEN.

[16 Leg. Int. 324; 18 How. Pr. 322.]

Circuit Court, D. New York. Oct. 1859.

BILL OF SALE OF VESSEL —USURIOUS CONTRACT— EQUITABLE RELIEF.

[1. The circuit court will administer equitable relief in a case where it is sought to recover back interests in vessels conveyed under a usurious contract.]

[2. Where the reconveyance of the interest itself is impossible, the court will award complainants the value of the same.]

[This was a suit by John Graham against Edward Sheken, impleaded, etc., with Charles R. Poillon.]

NELSON, Circuit Justice. First: The court holds that the complainant was the owner of the steamship St. Lawrence, and of the one-third part or share of the steamship United States, and was the equitable owner of the steamship Ocean Bird, the legal title being in the defendant Richard Poillon (held as security for certain charges and claims of C. & R. Poillon), at the time of the execution of the bills of sale of these vessels from Gra-

ham and C. & R. Poillon, on the 5th December, 1855, to the defendants Sheken and Meyer, as set forth in the pleadings.

Second, that although these bills of sale are absolute on the face of them, they were executed and delivered as a security for a loan of $100,000, made by Sheken and Meyer to Graham upon a usurious contract, in which was secured more than 7 per cent. for the forbearance of the loan, and that the contract and bills of sale executed in pursuance thereof are void in law, and must be set aside.

Third, that the said Graham is entitled to be restored to his interest in and possession of the said vessel, including the Ocean Bird, as it appears the incumbrance on the same to C. & R. Poillon has been discharged.

Fourth, but, inasmuch as it appears that the said Sheken and Meyer have sold and disposed of all their interest in the said vessels, and the said Sheken is hereby unable to restore them to the complainant, the said Graham is entitled to the value of the same.

Fifth, it having been agreed by the counsel of the respective parties to use the evidence taken on the trial at law in the case of Graham v. Meyer [Case No. 5,673], involving the validity of these bills of sale of the title of the complainants to these vessels, and that the transactions generally, out of which the present suit has arisen as the proofs of the present case, we shall adopt the amount of the verdict of the jury in the case at law as the proper value, after the payments of advances and deductions voluntarily assented to, be made by the complainant, and thus avoid the delay and expense of a reference to a master. The amount of that verdict is $200,000, with interest from the 4th of May, 1856.

Sixth, that a court of equity has jurisdiction to administer the relief sought in this case.

[The proceeding at law was an action of trover against Meyer, who was liberated on common bail by Ingersoll, District Judge. Case No. 5,673. During these proceedings a writ of ne exeat was applied for before Nelson, Circuit Justice, against Sheken, but the application was refused. Id. 5,677.]